■ In the Matter of the Claim of MARY GEE, Appellant, v. TRANSIT AUTHORITY et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— HAMM, J. Appeal by the appellant from a decision of the Workmen's Compensation Board disallowing a claim for disability benefits and disallowing a claim for compensation death benefits. As to the disability claim the Referee found causal relationship but disallowed the claim as not filed within the statutory period. The board reversed the Referee's findings and disallowed the claim stating that " the record presents no probative evidence that the

944

decedent did, in fact, sustain an umbilical hernia". On March 28, 1946, the decedent while employed as a motorman by the New York City Transit Authority jumped or fell from a train to the track and felt a stitch in his lower abdomen. He lost no time from work and on April 25, 1946, he was seen by a doctor who reported that his examination disclosed no evidence of injury or hernia. The decedent did not file any claim for compensation and no claim was filed until after his death on March 10, 1959. On January 29, 1947, he was again seen in a periodic examination by the employer's physician who found that there was no hernia and that the decedent was physically fit to work. More than two years after the incident and on June 26, 1948, a physician whom the decedent consulted for a general examination found an umbilical hernia. He testified that the incident of March 28, 1946, which the decedent described, was a competent producing cause of the umbilical hernia which he found. On the other hand a physician called by the Special Fund testified that, in the light of the history of no hernia being found on physical examination in 1946 and again in 1947, the accident was not responsible for the hernia. As the board's determination of absence of causal relationship was supported by substantial evidence it was not required to accept the theory advanced by the appellant's medical witness (*Matter of Teamer* v. *American Radiator & Std. Sanitary Co.*, 20 A D 2d 739; *Matter of Roettinger* v. *Great Atlantic & Pacific Tea Co.*, 17 A D 2d 76, affd. 13 N Y 2d 1102). As to the death claim the board reversed the Referee's decision on this and on another ground which does not require discussion. Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds and Aulisi, JJ., concur.